UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

NICHOLAS JOHN BAILEY,

        Plaintiff,

v.

BUREAU OF HEALTH CARE SERVICES,

        Defendant.

_____/

Case No. 1:17-cv-850

Honorable Robert J. Jonker

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint as to the Bureau of Health Care Services, but will order service on Heidi Washington, the Director of the Michigan Department of Corrections ("MDOC").

**Discussion**

I.      Factual allegations

Plaintiff is presently incarcerated with the MDOC at Michigan Reformatory (RMI). Plaintiff sues the MDOC's Bureau of Health Care Services.

Plaintiff alleges that when he was incarcerated at the Charles Egeler Reception and Guidance Center in April 2016, a physician recommended that he have all of his teeth removed due to periodontal gum disease. Plaintiff had eight of his teeth pulled at that facility. The physician told him to tell the physician at the next facility that Plaintiff was "having stomach problems and having a hard time eating." (Compl., ECF No. 1, PageID.4.) Plaintiff had the remainder of his teeth pulled on August 30, 2016, after he transferred to the Thumb Correctional Facility. A month later, he sent a kite to Defendant requesting dentures. He was told that he would have to wait for his two-year routine checkup. He transferred to RMI on October 28, 2016. Again, he sent a kite to Defendant and asked about dentures, and again he was told that he would have to wait for his routine checkup. He asserts that he should not have to wait two years for dentures. He wrote a grievance about the issue and it was denied. According to Plaintiff, the grievance was denied because of MDOC policy.

Plaintiff indicates that he would like the Court to "solve the problem" and to "hold them accountable" for what Defendant has put him through. (*Id.*, PageID.5.) The Court construes this as a request for damages and for prospective injunctive relief.

II.      Analysis

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a "person" acting under color of state law. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff does not state a viable claim against the Bureau of Health Care Services because it is immune from suit in this Court. Regardless of the form of relief requested, the states and their departments, including the MDOC, are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly

3

abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit in federal courts under the Eleventh Amendment. *See, e.g., McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010). As a division of the MDOC, the Bureau of Health Care Services is also entitled to Eleventh Amendment immunity. *See Coston v. Corizon, Inc.*, No. 1:17-cv-249, 2017 WL 1206263, at *2 (W.D. Mich. Apr. 3, 2017) (holding that the Bureau of Health Care Services is immune from suit); *Longwish v. Mich. Dep't of Corr. Bureau of Health Care Servs.*, No. 12-cv-53, 2012 WL 443023, at *1 (W.D. Mich. Feb. 10, 2012) (same).

In addition, because Defendant is a department of the state, it is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (holding that a state is not a person who may be sued for money damages under § 1983, citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)).

Although the Bureau of Health Care Services is not subject to suit in this Court, construing Plaintiff's complaint generously, the Court believes that Plaintiff intended to sue the individual responsible for implementing MDOC policy. Plaintiff alleges that he is unable to receive dentures due to MDOC policy, and he ostensibly claims that this policy is unconstitutional.[1] In other words, Plaintiff seeks relief from a MDOC policy that prevents him from receiving dentures for up to two years because he has to wait for a routine dental

---
[1] In Plaintiff's words, the policy is "suborned to the Federal Constitution." (Compl., PageID.4.)

appointment. Other prisoners in the MDOC have challenged this same policy, arguing in a putative class action that it violates the Eighth Amendment. *See Johannes v. Washington*, No. 14-cv-11691 (E.D. Mich.).[2]

The proper defendant for a challenge to MDOC policy is the MDOC's policy-maker, MDOC Director Heidi Washington. Thus, the Court will substitute Director Washington as the defendant in this action. At this stage of the proceedings, the Court is satisfied that Plaintiff's allegations suffice to state a claim under § 1983. Consequently, the Court will order service of the complaint on Defendant Washington.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that the complaint does not state a claim against the Bureau of Health Care Services because that defendant is immune from suit in federal court. However, the Court construes the complaint as asserting a viable claim against MDOC Director Heidi Washington. Thus, the Court will serve the complaint against Director Washington.

An Order consistent with this Opinion will be entered.


Dated:     November 7, 2017              /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The case is significantly more developed than this one and may lead to class treatment involving this plaintiff. The plaintiffs in the case have the benefit of counsel through the Civil Rights Clinic at MSU College of Law. Of course, the defendant is represented by able counsel too. The parties may wish to consider transferring this case to the Eastern District to facilitate uniform treatment of the issues.